UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACEY SMITH,

                  CASE NO. 2:14-CV-13795
    Plaintiff,    JUDGE DAVID M. LAWSON
                  MAGISTRATE JUDGE ANTHONY P. PATTI

v.

THE FOOD BANK OF
EASTERN MICHIGAN,

    Defendant,
_____/

## ORDER DENYING PLAINTIFF'S OCTOBER 22, 2014 and NOVEMBER 25, 2014 REQUESTS (DE 8, DE 15 & DE 16)

**A.    Background**

Tracey Smith filed the instant lawsuit on October 2, 2014 alleging that she was wrongfully terminated from her employment on January 3, 2014 on the basis of racial discrimination and demanding, among other things, lost wages and compensatory damages for "embarrassment, mental anguish and loss of enjoyment." DE 1. He complaint also specifically alleges that she "was not an at will employee," and was denied a disciplinary warning before termination, inferring that she may have also suffered a breach of contract. Along with her complaint, Plaintiff filed an application to proceed in district court without prepaying fees or costs. DE 2.

Two weeks later, on October 16, 2014, Plaintiff filed a request for service by the U.S. Marshal. DE 6. This request notes that, "[i]f the Judge grants service, you may have to pay the U.S. Marshal for the cost." Magistrate Judge Majzoub granted this request on October 21, 2014. DE 7.

**B.    Cost of Service**

Currently before the Court is Plaintiff's October 22, 2014 request (DE 8) to reverse the Court's October 21, 2014 ruling (DE 7). Therein, plaintiff contends she is unable "to afford to pay $500.00 for service[,]" and states she "was <u>not</u> aware prior to [her] being granted this service that [she] would have such [a] large fee." Plaintiff explains she does not "have a job where [she] could pay such amount[,]" and she apologizes for any inconvenience to the Court.

However, it appears that Plaintiff, herself, executed the service upon Defendant on October 29, 2014. DE 10 at 1-3. Subsequently, on November 19, 2014, counsel filed an appearance on behalf of Defendant. DE 11. At the same time, defendant filed a combined answer to the complaint, affirmative defenses and jury demand. DE 12; *see also* DE 13 (Statement of Disclosure of Corporate Affiliations and Financial Interest).

The U.S. Marshals Service has informed the Court that it never received the summons and complaint to serve in this case. Therefore, Plaintiff's October 22,

2014 request (DE 8) to reverse the Court's October 21, 2014 ruling (DE 7) will be denied as moot.

**C. Transfer**

Plaintiff's address of record is in Mount Morris, Michigan. DE 1 at 6. Defendant's address is in Flint, Michigan. DE 10 at 2. Mt. Morris and Flint are both located in Genesee County, Michigan.[1]

By way of background, the United States Court for the Eastern District of Michigan has locations in Detroit, Ann Arbor, Bay City, Flint and Port Huron. The local rules of this Court set forth a random method for case assignment:

> In Ann Arbor, Detroit, Flint and Port Huron, the Clerk shall employ a random method for the assignment of civil cases (excluding social security cases and special civil cases) to Judges. Special civil cases are defined as those cases arising under 28 U.S.C. §§ 2241 and 2254 and 42 U.S.C. §§ 1983 and 1985 in which the plaintiff is an inmate or resident of any facility of the Michigan Department of Corrections, the United States Bureau of Prisons, or of any county or local jail.

E.D. Mich. LR 83.11(a)(1).[2]

When this case was filed on October 2, 2014, it was assigned to Judge David M. Lawson, who sits in Detroit, and Magistrate Judge Mona K. Majzoub, who also

---

[1] *See* http://www.gc4me.com/departments/gis/maps_and_services.php

[2] *See also* E.D. Mich. LR 83.10(a) ("Counties and Places of Holding Court."), Subsection (1) (Detroit, Ann Arbor, Flint and Port Huron are the places of holding court for civil cases "arising in or related to" Genesee County.).

sits in Detroit. On November 20, 2014, Magistrate Judge Majzoub noticed a scheduling conference for December 3, 2014 at 10 a.m. DE 14.

On November 25, 2015, Plaintiff filed a request that her case be transferred to Flint and that the conference noticed for December 3, 2014 be changed to Flint and set for a later time. DE 15. Six (6) days later, on December 1, 2014, this Court cancelled the scheduling conference set for December 3, 2014. Instead, on December 4, 2014, Magistrate Judge Majzoub entered a scheduling order (DE 17), which set the Discovery Cut Off (date by which discovery, responses must be served) for November 2, 2015, the Discovery Motion Cutoff for November 20, 2015 and the Dispositive Motion Deadline for December 11, 2015 [3]

Upon consideration, Plaintiff's November 25, 2014 request regarding transfer (DE 15) is denied. It is moot to the extent it seeks a transfer of the scheduling conference to Flint. Furthermore, to the extent it seeks transfer of this case to Flint, this case has been assigned in accordance with the local rules of this Court.

**D.    Jury trial**

---

[3]Although this lawsuit was originally referred to Magistrate Judge Majzoub for pretrial matters (DE 3, DE 9), it was reassigned to me on January 13, 2015 (DE 18).

Plaintiff's October 2, 2014 complaint does not demand a jury trial. *See* DE 1 at 6. However, as mentioned above, Defendant's November 19, 2014 answer contains a jury demand. *See* DE 12 at 9.

On November 25, 2014, Plaintiff filed a request that "there **not** be a jury trial[.]" DE 16. Upon consideration, Plaintiff's request is denied. Fed. R. Civ. P. 38 provides:

> On any issue triable of right by a jury, a party may demand a jury trial by:
>
> (1)   serving the other parties with a written demand–which may be included in a pleading–no later than 14 days after the last pleading directed to the issue is served; and
> (2)   filing the demand in accordance with Rule 5(d).

Fed. R. Civ. P. 38(b) ("Demand."). Also, Fed. R. Civ. P. 39 provides:

> When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless:
>
> (1)   the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or
> (2)   the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.

Fed. R. Civ. P. 39(a) ("When a Demand Is Made.").

Most importantly, the Seventh Amendment of the United States Constitution states that:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

U.S. Const. amend. VII.

Plaintiff in this case makes claims for employment discrimination and possibly breach of contract, requests back wages and alleges the right to compensatory damages for emotional distress. The Seventh Amendment guarantees litigants the right to a jury trial in such circumstances. *See, e.g., Thomas v. Denny's, Inc.*, 111 F.3d 1506, 1513 (10th Cir. 1997) ("Because 'the jury's findings on factual issues common to claims under § 1981 and Title VII are binding on the district court,' and because we have held that the section 1981 claims here must be retried to the jury, we must vacate the district court's ruling on the parallel Title VII claims as well to preserve the parties' Seventh Amendment rights.") (internal citation omitted) (quoting *Skinner v. Total Petroleum, Inc.*, 859 F.2d 1439, 1445 n.6 (10th Cir. 1988)); *Rogers v. Exxon Research & Engineering Co.*, 550 F.2d 834, 838 (3d Cir. 1977) ("suit for damages consisting of back wages arising out of the breach of an employment agreement is a routine contract action where the parties would be entitled to a jury under the Seventh Amendment.") (overruled on other grounds, *Smith v. Joseph Schlitz Brewing Co.*, 584 F.2d 1231 (3d Cir. 1978)).

Plaintiff's assertions that a jury trial is unnecessary and would be an extra cost to this Court, as well as Plaintiff's presumption that asking for a jury trial here "is simply showing that there is something to hide[,]" DE 16, do not somehow nullify Defendant's November 19, 2014 demand for a jury trial (DE 12 at 9).

**E.     Order**

Upon consideration, Plaintiff's October 22, 2014 request (DE 8) is **DENIED AS MOOT**; Plaintiff's November 25, 2014 request regarding transfer (DE 15) is **DENIED**; and Plaintiff's November 25, 2014 request regarding jury trial (DE 16) is **DENIED**.

IT IS SO ORDERED.

Dated: February 11. 2015         s/Anthony P. Patti
                                 Anthony P. Patti
                                 UNITED STATES MAGISTRATE JUDGE

I hereby certified that a copy of the foregoing document was sent to parties of record on February 11, 2015, electronically and/or by U.S. Mail.

                                 s/Michael Williams
                                 Case Manager for the
                                 Honorable Anthony P. Patti