# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TRACEY SMITH,

    Plaintiff,

v.

THE FOOD BANK OF EASTERN MICHIGAN,

    Defendant.

Case No. 14-13795
Hon. David M. Lawson
Magistrate Judge Anthony P. Patti

---

| Tracey Smith, In Pro Per | PLUNKETT COONEY |
|---|---|
| Plaintiff | Thomas P. Vincent (P32794) |
| 1529 Katy Drive | Courtney L. Nichols (P75160) |
| Mount Morris, MI  48458 | Attorneys for Defendant |
| | 38505 Woodward Avenue, Suite 2000 |
| | Bloomfield Hills, MI  48304 |
| | (248) 901-4000 |
| | tvincent@plunkettcooney.com |
| | cnichols@plunkettcooney.com |

## **PROTECTIVE ORDER**

On January 17, 2016, Plaintiff, Tracey Smith and Defendant, The Food Bank of Eastern Michigan (collectively, the "Parties"), provided to the Court a Stipulated Protective Order, which is attached as Exhibit 1.  With minor revisions at paragraphs 2(e) and 10, the Court hereby enters the following Protective Order:

**WHEREAS**, the Parties anticipate that discovery in this action may require Plaintiff and Defendant to produce certain documents and other information containing Confidential Information such as private employee records and identification information; and

**WHEREAS**, the Parties, for good cause, have agreed that all parties are entitled to a Protective Order to protect such Confidential Information;

**NOW**, therefore, upon stipulation of the Parties in the above-captioned matter and for good cause shown, it is hereby **ORDERED** that during the pendency of this action, the following Protective Order applies to all Parties in this case and jurisdiction over those Parties with respect to this Protective Order:

1. For purposes of this Order, "Confidential Information" shall include the following:

    - Employment records containing personal and/or private identification information regarding current and former employees of The Food Bank of Eastern Michigan.

Any information which the Parties consider confidential shall be designated in writing by that party as constituting Confidential Information. Documents containing Confidential Information shall be clearly marked "CONFIDENTIAL."

The provisions of this Protective Order shall also apply to other copies of a Party's documents designated as Confidential Information, and testimony related thereto, which may be produced or given by a third party (non-party witness) to this litigation possessing such documents, materials or information in the course of pre-trial discovery, the trial of this action, appeals, or post-judgment collection proceedings, if any.

2. Confidential Information shall be held in confidence by any person to whom it is disclosed, shall be used only for purposes of this action and shall not be disclosed for any personal, business or other purpose besides this litigation. Confidential Information shall not be disclosed to any person other than:

(a) Counsel of record in this litigation, and their partners, employees or associates (including in-house counsel) to whom such disclosure is reasonably deemed necessary to such counsel for the conduct of this litigation;

(b) Any Party to this litigation and officers, directors, and employees of a party who are assisting his, her or its counsel, but only to the extent that such disclosure is reasonably deemed necessary by such counsel for the conduct of this litigation;

(c) Court reporters while in the performance of their official duties;

(d) This Court or any other court or arbitrator before whom or which this litigation is pending, including any court or arbitration panel; and

      (e)    Any other person who may be specifically approved by written consent of opposing counsel and/or the *pro se* Plaintiff to receive the Confidential Information or approved by Court order.

3. Unless waived by the Party who designates items as Confidential Information, such material (including deposition transcripts, briefs and other papers containing or otherwise disclosing such material) shall not be disclosed except as provided in this Protective Order. All such Confidential Information submitted shall be conspicuously marked "CONFIDENTIAL" and "SUBJECT TO PROTECTIVE ORDER" prior to such submission.

4. This Protective Order shall be without prejudice to the right of any Party or third party to bring at any time the question of whether any particular information is or is not discoverable or relevant to any issue in this case, is or is not subject to a privilege, or whether any particular document or information should or should not be designated Confidential Information for the purposes of this Protective Order. Nothing contained in this Protective Order shall be construed to constitute a waiver of the producing Party's right to claim that a document not designated as confidential information, or marked "Confidential," is in fact Confidential Information within the terms of this Protective Order. It is recognized by the Parties to this Protective Order that, due to the exigencies of providing numerous documents, the taking of

testimony and inherent uncertainty of litigation, documents or testimony may be designated erroneously as Confidential, or documents or information which are entitled to confidential treatment may erroneously not be designated as Confidential. If any Confidential Information is provided inadvertently to a discovering party without being marked as "Confidential" in accordance with the terms of this Protective Order, the failure to so mark the Confidential Information shall not be deemed a waiver of the right to assert confidentiality. The Parties to this Protective Order agree that they may correct their designations, or lack thereof, and shall furnish to all counsel a second time at its own expense copies of the documents for which there is a change in designation.

    5. This Protective Order shall not prevent the marking, or the exhibition to a witness, or the offering in evidence of any Confidential Information during depositions, hearings or other pretrial proceedings, at trial, or on appeal, but no copy of any Confidential Information shall be retained by any such witness. Nothing in this Protective Order shall be read to require a formal order of the Court prior to such use of Confidential Information, so long as its use is consistent with the terms of this Protective Order.

6. Confidential Information shall not be used or disclosed for any purpose whatsoever except the conduct of proceedings in the above-captioned case, any appeals in connection therewith or as otherwise permitted by this Protective Order.

7. The restrictions set forth in this Protective Order shall not apply to documents, materials or information which were or become disclosed to the public other than through violation of this Protective Order.

8. Nothing herein constitutes or may be interpreted as a waiver by any Party of the attorney-client privilege, attorney work product protection or any other legally-recognized privilege.

9. Nothing in this Protective Order shall prevent any Party from using or disclosing its own documents or information, regardless of whether they are designated Confidential.

10. Nothing in this Protective Order shall prevent or restrict any person from seeking additional protection from the Court with respect to the disclosure of particular Confidential Information.

11. Nothing in this Protective Order shall prevent or restrict any person from seeking relief from this Protective Order from the Court for good cause shown.

12. Nothing in this Protective Order shall prohibit a Party from producing Confidential Information in the party's(ies') possession pursuant to a subpoena issued by any court, administrative or legislative body, or any other person purporting to have authority to subpoena such Confidential Information or by other compulsory process, provided that any person receiving such a subpoena or other process shall notify the party that originally produced the Confidential Information of such subpoena or process and provide them with a reasonable opportunity to file objections to such disclosure before the Confidential Information is disclosed.

13. Within ninety (90) days after final termination of this litigation, by judgment, order, compromise or settlement, upon receipt of a written request, counsel for each of the Parties shall, within sixty (60) days, return to the person or entity producing it all Confidential Information in its possession or which was provided by such counsel to any other person pursuant to the terms of this Protective Order. Provided, however, that counsel only may retain such Confidential Information for a period of two (2) years from the last day of services in this matter, subject at all times to the terms of this Protective Order.

**IT IS SO ORDERED.**

Dated: January 20, 2016        s/Anthony P. Patti
                                          Anthony P. Patti
                                          UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on January 20, 2016, electronically and/or by U.S. Mail.

                                                          s/Michael Williams
                                                        Case Manager for the
                                                        Honorable Anthony P. Patti